UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LURDE OCASIO,

    Plaintiff,

v.   Case No: 8:22-cv-912-JSS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff moves the court for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Motion, Dkt. 19). For the reasons set forth below, Plaintiff's Motion is granted.

## BACKGROUND

On April 19, 2022, Plaintiff filed a Complaint seeking review of the denial of her claim for Social Security benefits by the Commissioner of Social Security (Commissioner). (Dkt. 1.) On October 6, 2022, the court entered an order reversing the decision of the Commissioner and remanding this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. 17.) The Clerk of Court entered judgment in Plaintiff's favor on October 6, 2022. (Dkt. 18.) On December 20, 2022, Plaintiff filed the Motion seeking attorney's fees pursuant to

the EAJA for work performed by her attorney, Chantal J. Harrington, Esq. (Dkt. 19.) The Commissioner does not oppose Plaintiff's Motion. (*Id.*)

## APPLICABLE STANDARDS

Following entry of a favorable judgment in a Social Security case, the prevailing party may obtain attorney's fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A); *Monroe v. Comm'r of Soc. Sec. Admin.*, 569 F. App'x 833, 834 (11th Cir. 2014). The EAJA requires the court to award attorney's fees to a party who prevails against the United States in litigation unless the court finds that the government's position in the litigation was "substantially justified" or that special circumstances make such an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

A party may recover an award of attorney's fees under the EAJA if the following prerequisites are met: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed (i.e., filed within 30 days of final judgment in the action); (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) no special circumstances exist that would make an award unjust. 28 U.S.C. § 2412(d). A party who obtains a sentence four remand in a Social Security case is considered a prevailing party under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). To be "substantially justified" under the EAJA, the government's position must be "justified to a degree that could satisfy a reasonable person," which requires that the

government's position have a reasonable basis in both law and fact. *Monroe*, 569 F. App'x at 834 (internal quotation and citation omitted).

## ANALYSIS

Upon consideration of the Motion and the applicable law, the court finds that Plaintiff is entitled to an award of attorney's fees pursuant to the EAJA. First, Plaintiff is the prevailing party in this case, after having obtained a sentence-four remand. *Schaefer*, 509 U.S. at 296–97, 302. Second, although Plaintiff's Motion was not filed within 30 days of final judgment in this action, the Commissioner does not dispute the timeliness of the Motion. (Dkt. 19.) Third, there is no indication that Plaintiff is excluded from eligibility for an award under the EAJA by any of the exclusions set forth in the Act. Fourth, the Commissioner's position was not substantially justified in this case, and the Commissioner does not dispute this issue. Finally, the court does not find that any special circumstances exist to indicate that an award of attorney's fees in this case would be unjust.

Under the EAJA, the amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the services furnished," except that attorney's fees shall not exceed $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In the Motion, Plaintiff requests an hourly rate for Attorney Harrington of $213.74 for work performed in 2022 and the Commissioner does not oppose this request. (Dkt. 19 at 2–3.) Plaintiff requests that the hourly rate of the fees awarded reflects the increase in the cost of living based on the Consumer Price Index

and represents that the requested rate is "in line with the prevailing market rate for similar services by lawyers of reasonably comparable skills, experience and reputation." (*Id.* at 2.) The court finds that Plaintiff is entitled to the requested rate. In total, Plaintiff seeks $4,574.04 in fees for 21.4 hours of Attorney Harrington's work. (*Id.*) The court finds that the hours expended were reasonable and that $4,574.04 is a reasonable fee for work in this matter.

Finally, Plaintiff requests that the fee award be paid directly to her attorney if Plaintiff does not owe a debt to the federal government. (Dkt. 19 at 2.) Although EAJA fee awards belong to the party, not the party's attorney, *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), such fees may be paid directly to a plaintiff's attorney in cases in which the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney. *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010). In this case, Plaintiff has assigned her rights to the EAJA award to Attorney Harrington. (Dkt. 19-1.) Therefore, the award is payable directly to Plaintiff's attorney if Plaintiff is not indebted to the federal government; otherwise, the award is payable directly to Plaintiff.

Accordingly:

1. Plaintiff's Consent Petition for Attorney Fees (Dkt. 19) is **GRANTED**.

2. Plaintiff is awarded attorney's fees in the amount of $4,574.04 under the EAJA.

3. Fees are payable directly to Plaintiff's counsel if it is determined that Plaintiff does not owe a debt to the government.

**ORDERED** in Tampa, Florida, on January 10, 2023.

```
                              _____
                              JULIE S. SNEED
                              UNITED STATES MAGISTRATE JUDGE
```

Copies furnished to:
Counsel of Record